FILED '10 APR 12 14:56 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

William Hendricks,

    Plaintiff,

  v.

Marist Catholic High School,
a domestic non-profit
organization, and Archdiocese
of Portland in Oregon, an
assumed business name of
Roman Catholic Archbishop of
Portland in Oregon, and
Successors, a corporation sole,

    Defendants.

Civ. No. 09-6336-AA
OPINION AND ORDER

---

Craig A. Crispin
Shelley D. Russell
Crispin Employment Lawyers
1834 S.W. 58th Ave., Suite 200
Portland, OR 97221
    Attorneys for plaintiff

Thomas V. Dulcich
Anna Helton
Schwabe, Williamson & Wyatt, P.C.

1   - OPINION AND ORDER

Pacwest Center
1211 S.W. 5th Ave., Suite 1900
Portland, OR 97204
    Attorneys for defendants

AIKEN, Chief Judge:

On December 3, 2009, plaintiff William Hendricks filed a complaint against defendants Marist Catholic High School and the Archdiocese of Portland alleging age discrimination under both federal and state law, as well as unlawful termination under the common law tort of wrongful discharge. Plaintiff requests injunctive relief and monetary damages. Plaintiff claims that defendants unlawfully terminated his teaching contract based on his age, while retaining a younger, less qualified teacher.

Defendants contend plaintiff's claim is barred by the First Amendment's ministerial exception, and move to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Plaintiff moves to continue all motions until parties complete discovery.

## BACKGROUND

Plaintiff taught philosophy and religion at Marist Catholic High School (Marist) from 1996 to 2008, when Marist declined to renew plaintiff's annual contract. Plaintiff was told his contract was not renewed because of budget shortfalls. Plaintiff was sixty-five years old.

In his tenure at Marist, plaintiff taught various religion and theology courses. Since 2005, plaintiff has taught part-time and directed Marist's Christian Service Experience program part-time.

2   - OPINION AND ORDER

On September 22, 2008, plaintiff filed a complaint with the Oregon Bureau of Labor and Industries (BOLI) alleging that Marist unlawfully terminated him because of his age. On September 4, 2009, BOLI dismissed plaintiff's claim. On December 9, 2009, plaintiff filed the instant lawsuit.

## DISCUSSION

Defendants argue that plaintiff's age discrimination claim invokes the ministerial exception. The ministerial exception bars some employment claims between ministers and religiously-affiliated employers. See Bollard v. Cal. Province of the Soc'y of Jesus, 196 F.3d 940, 947 (9th Cir. 1999). Defendants argue that the exception applies here, thus precluding this court's jurisdiction. Specifically, defendants argue that because plaintiff's position was inherently religious in nature, this court should consider plaintiff a "minister." Defendants' analysis relies on the Fourth Circuit's "primary functions" test, which emphasizes the religious nature of a plaintiff's employment duties when determining whether a plaintiff is a minister under the ministerial exception. See EEOC v. Roman Catholic Church of Raleigh, 213 F.3d 795 (4th Cir. 2000).

Since the pleadings were filed, the Ninth Circuit has addressed the legal question at issue in this case. Alcazar v. Corp. of the Catholic Archbishop of Seattle, No. 09-35003, 2010 WL 917200 (9th Cir. Mar. 16, 2010). In Alcazar, the Court articulated a test for determining who is a minister under the ministerial

3   - OPINION AND ORDER

exception analysis. A person is a "minister" if the person: "(1) is employed by a religious institution, (2) was chosen for the position based 'largely on religious criteria,' and (3) performs some religious duties and responsibilities." Id. at *6 (quoting Starkman v. Evans, 198 F.3d 173, 176 (5th Cir. 1999)).

The facts of this case invoke the ministerial exception because plaintiff is questioning the employment decision of a Catholic high school. See Alcazar, 2010 WL 917200, at *4 ("The ministerial exception encompasses all 'tangible employment actions' and disallows lawsuits for damages based on 'lost or reduced pay.'") (quoting Elvig v. Calvin Presbyterian Church, 375 F.3d 951, 964, 966 (9th Cir. 2004)). Plaintiff argues, however, that defendants' motion cannot be decided without discovery. I agree. It is unclear from the pleadings whether plaintiff is a "minister" under the Ninth Circuit's new legal standard. The parties need to conduct discovery and defendants may then refile the motion, if appropriate.

## CONCLUSION

Defendants have not shown that the ministerial exception bars plaintiff's claim, therefore, defendants' motion to dismiss (doc. 12) is DENIED without prejudice. Defendants' motion to strike (doc. 30) is also DENIED. Defendants' motions for limited protective order (docs. 22 and 35), as well as plaintiff's motion to continue (doc. 18) are DENIED as moot. Finally, plaintiff's motion for leave to file excess pages (doc. 27) is GRANTED.

4    - OPINION AND ORDER

IT IS SO ORDERED.

Dated this 17th day of April 2010.

/s/ Ann Aiken
Ann Aiken
Chief United States District Judge

5    - OPINION AND ORDER